## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-14082-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**BUNYAWAN KRAIKONG,**

      **Defendant.**

_____/

FILED by _____ D.C.

NOV - 3 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## APPROPRIATENESS OF COUNSEL'S CJA VOUCHER
## FOR ATTORNEY'S FEES [VOUCHER 113C-0003364]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher submission as referred by the District Court and this Court having reviewed the voucher, Mr. Stickney's letter of explanation attached thereto as well as all time records setting forth the tasks performed and the time devoted to each task, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1.      Subsequent to being submitted to the Court, the CJA Voucher has been reviewed by the CJA Administrator and certain adjustments have been made on the face of the voucher to reflect the proper categories of expenses. Based upon these adjustments, counsel for the Defendant is seeking reimbursement of 3 hours of in-court time for a total sum of $375.00. The voucher also seeks reimbursement of 98.10 hours of out-of-court time for a total of $12,262.50. Additionally, counsel is seeking reimbursement of costs and expenses in the amount of $1,109.14. As a result, the total amount sought by counsel for the Defendant is $13,746.64 as adjusted by the CJA Administrator.

2.      This Court has reviewed the voucher as well as the attachments and counsel's letter of explanation as to why this amount exceeds the statutory cap which the Court will reference later herein.

3.      This Court has conducted all of the pretrial proceedings in this case and is very familiar with the underlying facts in respect to this Defendant.  Additionally, this Defendant was one of several individuals who were arrested for various immigration/visa fraud violations.  While these cases have been prosecuted by the government under different case numbers, the facts relating to each of the defendants are very similar, if not identical, to those involving this Defendant.  This Court handled all of the pretrial proceedings in those associated cases as well.

4.      By way of comparison, this Court has viewed the other CJA Vouchers submitted by Court appointed counsel in respect to co-defendants who were either charged in this same Information or in associated cases as referenced above.  This Court has reviewed the records of those cases and has determined that  CJA counsel was appointed at or about the same time as Mr. Stickney was in this case.  Additionally, all of the cases were resolved by way of negotiated pleas and sentencings which took place at or about the same time as occurred in this case before the Court.

5.      In these other cases, certain CJA counsel have submitted vouchers seeking reimbursement.  This Court has viewed those amounts sought by CJA counsel in comparison with the amounts of time sought to be reimbursed in this case.  Since the facts of those other cases are virtually identical to the facts in this case, those CJA submissions are found to be relevant in respect to this Court's review of Mr. Stickney's CJA Voucher in

2

this case. This Court will list those cases and the total amounts of attorney's fees and costs which were sought by Court appointed counsel:

| | |
|---|---|
| Moomuensri  (Case No. 12-14082-Cr-Martinez) CJA Patanzo | $ 8,896.00 |
| Loudkam (Case No. 12-14082-Cr-Martinez) CJA Golder | $ 7,184.29 |
| Polnark (Case No. 12-14083-Cr-Graham) CJA Franklin | $ 5,739.66 |
| Bhosri (Case No. 12-14083-Cr-Graham) CJA Chaney | $ 8,126.41 |
| Limsakul (Case No. 12-14084-Cr-Martinez) CJA Smith | $ 8,958.01 |
| Sengdang (Case No. 12-14084-Cr-Martinez) CJA Kudman | $ 3,575.19 |
| Boonchai (Case No. 12-14084-Cr-Martinez) CJA Chapman | $ 7,163.26 |
| Pumipu (Case No. 12-14086-Cr-Martinez) CJA Joffe | $10,580.86 |
| Vejsuwan (Case No. 12-14087-Cr-Graham) CJA Johansson | $ 8,363.70 |
| Danintha (Case No. 12-14087-Cr-Graham) CJA Garland | $ 5,779.05 |
| Martinez-Ariola (Case No. 12-14087-Cr-Graham) CJA Cohen | $ 4,150.00 |

6.     In each of the aforementioned cases, the Defendants ended up pleading guilty to the charge of conspiracy to commit visa fraud and were sentenced by the Court to the same sentence imposed in this case. The Court appointments of CJA counsel occurred at or about the same time as counsel was appointed in this case before the Court. The sentencings took place between December of 2012 and February of 2013. The majority of the sentencings occurred on January 30, 2013.

7.     This Court has also reviewed the major appearances and events in this particular case. Counsel was appointed by the Court for the Defendant Kraikong on October 12, 2012 shortly after the Defendant's initial appearance. An initial Information

charging conspiracy to commit visa fraud was filed on or about November 14, 2012 and arraignment occurred shortly thereafter on November 16, 2012. There was one discovery response filed by the government in response to this Court's Standing Discovery Order.

8.     This Court conducted the change of plea hearing for this Defendant on December 19, 2012 and sentencing took place before Judge Martinez on January 29, 2013. The Defendant received a sentence of time served followed by one year of supervised release and a $100.00 special assessment. These are the major events which took place in this matter. There were no extensive evidentiary hearings in this matter aside from normal initial appearance, arraignments and bond hearings.

9.     The review of this CJA Voucher is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings, including the change of plea in this matter.

10.    The attorney's fees sought by Mr. Stickney exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is justification to waive or exceed the statutory cap of $9,700.00. In making such a determination, this Court is required to determine if the matter was "extended" or "complex" as defined in that statute and the applicable case law in this Circuit.

11.    An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would

4

require. Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

12.     This case proceeded in all respects in a normal fashion.   There were no extensive hearings nor evidentiary issues to be decided by this Court.  The matter was resolved by way of a negotiated plea before this Court and a sentencing before the District Court.

13.     The entire record does not support a finding that this matter was complex. Mr. Stickney has appeared before this Court extensively over the years.  He is an extremely qualified criminal defense attorney who appears regularly in federal court and in particular, in this division.  There is nothing in the record to support a finding that this matter was so highly unusual that it would be necessary for the Court to find it to be "complex" as defined. This Court is bound by the statutory definitions and the case law interpreting those definitions.

14.     This Court also finds that the matter was not "extended" as defined in the statute and the applicable case law.  The total time involved from the Defendant's initial appearance in October of 2012 through entry of his guilty plea on December 19, 2012 was not extensive.  The period of time involved in this matter does not justify it being found as an "extended" case as defined.

15     This Court appreciates the services which Mr. Stickney provided to the Defendant in this case and which he continues to provide other individuals as Court appointed counsel under the Criminal Justice Act.  This Court has stated many times on the record that it must perform its function in respect to these CJA Vouchers as a gatekeeper to balance out the entitlement of a defendant to competent representation and

the ability of the Court appointed counsel to be reasonably compensated.  In performing this function, this Court must balance the right of Court appointed counsel to receive adequate compensation for such representation to an indigent defendant with the understanding and realization that there are limited CJA funds available in this District and nationwide for payment of such services. This Court must be ever mindful of the fact that there will be in the future indigent defendants who require representation and that there must be CJA funds available to compensate counsel in those matters as well.

16.    This Court must make certain that such amounts exceeding the statutory cap, as requested herein, are not paid unless there is sufficient justification under the applicable case law and statutory framework.  If this Court, and other courts, do not perform this gatekeeper function, the impact on the availability of CJA funds to future indigent defendants would be more severe than it is under the present budgetary constraints in which we find ourselves.

17.    As a result, this Court must reduce the out-of-court time spent by Mr. Stickney in this matter.  In making this reduction, this Court is not challenging Mr. Stickney's submissions that he in fact spent this amount of time in respect to representing the Defendant. In making this reduction, this Court is looking at the other CJA submissions made by counsel in these cases as referenced above since those cases involved very similar, if not identical, facts to those in this particular case.  This Court will reduce Mr. Stickney's out-of-court time to keep the fees at the maximum permitted under the statute which is $9,700.00. Therefore, the adjusted total as reduced by this Court would be 3 hours of in-court time at $125.00 an hour, for a total of $375.00.  Mr. Stickney's expenses of $1,109.14 would be granted in full as well.  Therefore, the out-of-court time will be

6

reduced to 74.6 hours at the rate of $125.00 an hour, for a total sum of $9,325.00. Adding this amount to the $375.00 for in-court time and the $1,109.14 of expense reimbursement, brings the total amount to be awarded to Mr. Stickney to be $10,809.14.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher be **GRANTED** insofar as Mr. Stickney be awarded the amount of $9,700.00 as reasonable attorney's fees together with expenses in the amount of $1,109.14, for a total sum of $10,809.14.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of November, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Robert W. Stickney, Esq.
Jean Vera, Court Reporter Coordinator/CJA Deputy Clerk